# ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-029

OCTOBER TERM, 2012

| | | |
|---|---|---|
| In re Ryan Brink | } | APPEALED FROM: |
| | } | |
| | } | |
| | } | Superior Court, Franklin Unit, |
| | } | Civil Division |
| | } | |
| | } | DOCKET NO. S 227-08 Fsc |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals the denial of his petition for post-conviction relief (PCR). He claims that he was denied counsel without a proper review by the Defender General. We remand for such review.

Petitioner was convicted of aggravated sexual assault and enabling alcohol consumption by a minor in May 2006. His conviction was affirmed on appeal. In May 2008, petitioner filed a pro se PCR asserting various claims including ineffective assistance of counsel. The Defender General concluded that petitioner's case was not meritorious and declined to represent him. See 13 V.S.A. § 5233(a)(3). In September 2009, petitioner pro se filed an amended complaint, asserting additional claims, including police misconduct and newly discovered evidence. He had apparently obtained a recording of a police interview with the complainant, and he claimed that it demonstrated the alleged crime was committed during a period of time when petitioner was incarcerated. On December 16, 2010, the court ordered the Defender General to conduct a new review of the petition in light of the amended complaint and the recorded interview petitioner had obtained. Thereafter, an attorney from the prisoner's rights office wrote a letter, stating he had reviewed the "petition and transcript," and concluded that the claim would not be successful. Therefore, he withdrew from the case.

The PCR went forward, and petitioner appeared pro se. Following a hearing, the court denied the PCR.

On appeal, petitioner argues that the court erred in failing to appoint petitioner an attorney where the PCR merit-review process was not properly conducted. According to petitioner, no one from the prisoner's rights office reviewed the interview recordings. They looked only at the trial transcripts. Petitioner requests that the matter be remanded to the trial court for a proper review of whether his case has merit.

The State's Attorney has submitted an appellee's brief stating that it has no objection to having the matter remanded for further review by the Defender General to determine if there is

merit to the case and appointment of counsel if the case is nonfrivolous. Appearing as an amicus curiae, the Defender General joins appellee's brief.

Given the lack of objection by the State's Attorney and the Defender General, the appeal is dismissed without prejudice, and the matter is remanded. On remand, the trial court shall refer the matter to the Defender General for a review of petitioner's claims. This review shall include the entire record, including the recordings of the complainant's interviews. If the Defender General determines that the matter is frivolous and no representation is warranted, he shall report that to the court. The trial court's denial of petitioner's PCR on the merits shall then stand and petitioner's right to appeal that decision is preserved. If the Defender General does not so report, he shall appoint counsel, and the denial shall be stricken and the merits of the PCR considered anew.

Dismissed and remanded.

BY THE COURT:

Paul L. Reiber, Chief Justice

John A. Dooley, Associate Justice

Marilyn S. Skoglund, Associate Justice

Brian L. Burgess, Associate Justice

Beth Robinson, Associate Justice